Robinson, J.
From the complaint, answers, affidavits and depositions read on this motion, it appears, that in February, 1870, plaintiff, jointly with George W. Hunt, both being residents of London, composed a. literary and musical song styled, “ When the Band Begins to Play,” both song and music being original. By assignment, dated May 19, 1870, Hunt transferred his interest therein to plaintiff. Prior to August 9, 1871, the plaintiff, being sole owner and proprietor of the song and music, caused them to be engraved and printed in the usual form of such musical publications (sheet music), and about that date, placed two hundred copies in the hands of Wrippert & Co., music dealers in London, for sale, with written instructions *350 not to sell any of them until September 11, 1871, the restriction being made to enable him to come to the United States, and, previous to that date, secure a copyright here. He arrived in August, and secured his copyright September 9, 1871. Before leaving England, he had exposed for sale and sold copies of the song, without the musical accompanyment; and it also appears, that prior to September. 11, some copies of the song and music, which he had left with Wrippert & Co., had been sold or got into circulation, and were brought into the United States, where they were published and sold in the early part of that month.
As to the musical composition' accompanying or illustrating the song, plaintiff is not shown to have made any publication of it, except by obtaining copyright therefor in England and the United States, and entrusting the two hundred printed copies with Wrippert & Co., for sale upon the terms above mentioned. His rights under the copyright laws are not enforceable in this action, nor are those he enjoys as author, by virtue of the common law, if he had authorized a publication of his work (even if protected by his copyright). As to the song, such publication by plaintiff was not disputed on the argument, and the only substantial question left for my decision is, whether the circumstances under which the two hundred copies of the sheet music were left with Wrippert & Co., and their sale of said copies, constituted an unqualified publication and dedication to the public ? The point that the obtaining of a copyright under our laws was such dedication, as urged by defendants, has been decided adversely by our court of appeals in Dewitt v. Palmer (reported in New York Times, March 13, 1872). But as to the transactions in London, in leaving two hundred copies with music dealers for sale on his account, subject only to the restriction on their general authority that they should not be sold *351 previous to September 11, 1871, I am of the opinion that it constituted a complete dedication to the public, of the right possessed by plaintiff as author (or assignee of Hunt), from and after that date. That authority was never revoked, plaintiff still expecting an accounting by Wrippert & Co., Ms agents for sales, made in conformity to it. By entrusting these two hundred copies to these music dealers in London, he did not communicate a knowledge of the contents of his and Hunt’s labor to a select few under the restriction of private intercourse (Keene v. Wheatly, 16 Am. Law Reg., 44); nor as a mere dramatic representation upon the stage (Roberts v. Myers, 23 Mo. Law R., 539; Bourcicault v. Wood, 16 Am. Law Reg., 539; Palmer v. Dewitt, 2 Sweeny, 530), but he authorized its unrestricted publication, both as to persons and purposes, on and after September 11, 1871.
The case presented shows that under such unrestricted sale, the defendants claim and exercise the right of singing and using the song or musical composition in question.
Any such public dedication authorizes a general use, and, under the views expressed, it is unnecessary to discriminate as to the several defenses, as no cause of action is established.
The injunction, upon these considerations, should be dissolved, and its continuance denied, with ten dollars costs as to each of the defendants who have separately appeared and answered.
Order accordingly.